FILED
SUPERIOR COURT
OF GUAM

2019 OCT -3 AM 10:42

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT
## OF GUAM

THE PEOPLE OF GUAM,

vs.

QUINTON ANDREW PRESCOTT BEZON,

Defendant.

)
)
)
)
)
)
)
)
)

Criminal Case No. CF0650-15

**DECISION & ORDER**

## STATEMENT OF THE CASE

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Court's local rules, Defendant Bezon's Motion to Reduce Sentence was taken under advisement on September 26, 2019. The People are represented by Assistant Attorney General Leonardo Rapadas. Defendant Bezon (hereinafter "Bezon") is represented by Attorney Joshua Walsh. After having received and reviewed the papers, arguments and the file herein, the Court hereby **DENIES** Bezon's Motion to Reduce Sentence.

## BACKGROUND

On April 25, 2017, a Grand Jury indicted Bezon on the following charges: (1) Third Degree Criminal Sexual Conduct (As a Second Degree Felony); (2) Fourth Degree Criminal Sexual Conduct (As a Misdemeanor); and (3) Fourth Degree Criminal Sexual Conduct (As a Misdemeanor). Amended Superseding Indictment. After three (3) days of trial and jury

deliberation, Bezon was found guilty of the First Charge of Third Degree Criminal Sexual Conduct (As a Second Degree Felony) in violation of 9 GCA §§ 25.25 (a)(3) and (b) and guilty of the Third Charge of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor) in violation of 9 GCA §§ 25.25 (a)(2) and (b). The jury found Bezon not guilty of the Second Charge of Fourth Degree Criminal Sexual Conduct (As a Second Degree Felony). On July 13, 2017, the Court sentenced Bezon to a total of four (4) years imprisonment for both guilty verdicts, and the Court entered a Judgement of Acquittal for the Second Charge of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor).

Bezon appealed the judgment. On December 31, 2018, the Supreme Court of Guam issued an Opinion affirming Bezon's conviction but reversing Bezon's sentence and remanded it for resentencing. *People v. Bezon*, 2018 Guam 28 ¶ 20. Specifically, the Supreme Court held that the trial court committed plain error when it failed to personally address Bezon and failed to ask him whether he wished to make a statement before pronouncing the sentence. *Id.* Accordingly, the Supreme Court ordered this Court to resentence Bezon consistent with its Opinion. *Id.*

On February 28, 2019, the Court resentenced Bezon to four (4) years of imprisonment, all but two (2) years suspended, with credit for time served for the First Charge of Third Degree Criminal Sexual Conduct (As a Second Degree Felony) and one (1) year of imprisonment, none suspended, with credit for time served for the Third Charge of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor). Amended Judgment, Mar. 12, 2019. Both terms were to be served concurrently. *Id.* On June 24, 2019, Bezon filed the present Motion to Reduce Sentence. The People did not file a response. On September 26, 2019, at the calendared motion hearing, no further argument was provided and the Court took the matter under advisement.

## ISSUE

Whether the Court will reduce Bezon's sentence.

## FACTS

1. A grand jury indicted Bezon on the following charges: (1) Third Degree Criminal Sexual Conduct (As a Second Degree Felony); (2) Fourth Degree Criminal Sexual Conduct (As a Misdemeanor); and (3) Fourth Degree Criminal Sexual Conduct (As a Misdemeanor).

2. After a jury trial, Bezon was convicted of the First Charge of Third Degree Criminal Sexual Conduct (As a Second Degree Felony) and the Third Charge of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor).

3. On July 13, 2017, the Court sentenced Bezon to four (4) years of imprisonment, with credit for time served, for the First Charge of Third Degree Criminal Sexual Conduct (As a Second Degree Felony) and one (1) year of imprisonment, with credit for time served, for the Third Charge of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor). Both sentences were ordered to be served concurrently.

4. Bezon appealed his judgment to the Supreme Court of Guam on the grounds that the trial court denied him the opportunity to allocute.

5. On December 31, 2018, the Supreme Court of Guam ruled that the trial court violated 8 GCA § 120.26 by failing to personally address Bezon to ask him whether he wished to make a statement before his sentence was pronounced.

6. The Supreme Court of Gum reversed Bezon's sentence and remanded the matter for resentencing.

7. On remand, the Court resentenced Bezon to four (4) years of imprisonment, with all but two (2) years suspended, with credit for time served, for the First Charge of Third Degree Criminal Sexual Conduct (As a Second Degree Felony) and one (1) year of imprisonment, with credit for time served, for the Third Charge of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor). Both terms were to be served concurrently.

8. Bezon's sentence was lowered from a total of four (4) years of imprisonment to a total of two (2) years of imprisonment.

## PRINCIPLES OF LAW

Title 8 Section 120.46 of the Guam Code Annotated provides, in relevant part:

> The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.

8 GCA § 120.46. A request to reduce an imposed sentence is within the discretion of the trial court. *See United States. v. Krueger*, 454 F.2d 1154, 1155 (9th Cir. 1972). The trial court may decide, after further reflection, whether the original sentence is unduly harsh. *See U.S. v. Eastman*, 743 F.2d 1322, 1324 (9th Cir. 1984). It is essentially a plea for leniency. *Id.*

When considering a defendant's proffered request for leniency, the Court reviews his Motion for the presentation of redemptive facts not available at the time of sentencing or for compelling arguments, sufficiently persuasive for the court to reconsider and reweigh the factors evaluated at the Defendant's initial Sentencing Hearing. Motions for

reduction of sentence are addressed to the court's discretion. *Flores v. United States,* 238 F.2d. 758, 760 (9th Cir. 1956).

## ANALYSIS

Bezon timely moves the Court to reduce his sentence from two (2) years of imprisonment to one (1) year of imprisonment, or any other reduction that the Court may deem appropriate. In support of reduction, Bezon argues that redemptive facts currently exist that were not in existence at the time of his resentencing. Furthermore, Bezon desires the Court to exhibit leniency by perceiving these redemptive facts as adequate to warrant a sentence reduction.

In reviewing Bezon's motion, the Court considered factors such as: the severity of the crime that Bezon was convicted of, the maximum sentence that the law provides for such crime, the sentence that was actually imposed on Bezon, and the nature of Bezon's redemptive facts in his motion that were not available at the time of his resentencing.

Bezon was convicted of Third Degree Criminal Sexual Conduct (As a Second Degree Felony) and Fourth Degree Criminal Sexual Conduct (As a Misdemeanor). Based on Guam's sentencing guidelines, these convictions put together gave the Court the authority to have sentenced Bezon to a total of nine (9) years of imprisonment. See 9 GCA §§ 80.31 & 80.34. However, at resentencing, the Court sentenced Bezon to serve in total only two (2) years of imprisonment. The Court finds that the difference of seven (7) years of imprisonment in Bezon's favor is more than enough to indicate the Court's leniency. Moreover, the fact that the Court has allowed the two separate sentences to run concurrently and not consecutively further demonstrates the tolerance of the Court.

Bezon has presented written testimonials from family members that reveal the fact that Bezon's imprisonment is a direct cause for the emotional and financial hardship that his family is currently experiencing. When a defendant is ordered to serve any term of imprisonment, it is a natural and acknowledged result that family and friends of the imprisoned defendant will be impacted in a negative way. The Court finds that the redemptive facts Bezon presented in his motion are innate and inherent to imprisonment, but not exceptional. As such, the Court cannot ignore its duty to deliver and sustain justice to both sides of a dispute or allegation. Although the Court is sympathetic to these emotional and financial hardships that the Bezon family is currently experiencing, the Court finds that justice for all parties involved will not be upheld if Bezon's sentence is reduced.

After further reflection, the Court finds that Bezon has not presented redemptive facts that the Court finds to be persuasive enough to merit a reduction in his sentence. In addition, the Court finds that sentencing Bezon to the lower end of what is allowable under the law, as well as ordering both sentences to be served concurrently, precludes any finding that the sentence is unduly harsh. Accordingly, the Court DENIES Defendant's Motion to Reduce Sentence.

## CONCLUSION

Based on the foregoing, Bezon's Motion to Reduce Sentence is **DENIED**.

SO ORDERED, this ___3___ day of _____Oct_____ 2019.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG Cunliffe
Civille

Date: 10/3/19  Time: 10:45

Deputy Clerk, Superior Court of Guam